**Jane L. Moisan,** OSB No. 181864
peopleslawproject@gmail.com
PEOPLE'S LAW PROJECT
818 S.W. 3rd Avenue #221-3789
Portland, OR 97204
Phone (971) 258-1292

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ZIPPORAH LOMAX**, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | Violations of Civil Rights: 42 U.S.C. § 1983 |
| **CITY OF PORTLAND, a municipal corporation, Portland Police Bureau ("PPB") Police Officers ("P.O.") JOHN DOEs 1-5, (the names John Doe being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,** | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff, by and through her attorneys, does hereby state and allege:

### PRELIMINARY STATEMENT

This is a civil rights action brought to vindicate Plaintiff's rights under the First, Fourth

and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights

Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, with pendant claims under the laws of

the State of Oregon.

Plaintiff ZIPPORAH LOMAX's ("Ms. Lomax") rights were violated when officers of the Portland Police Bureau unconstitutionally and without any legal basis used unlawful force against her in retaliation for her actions in providing livestream coverage of the George Floyd protests of 2020.

Ms. Lomax had covered the George Floyd protests in Portland since May 30, 2020 via livestream to her social media. Due to limiting physical conditions, she used her car for mobility. On August 1, 2020, she attended and covered a protest in Northeast Portland, Oregon near NE 44th Avenue and East Burnside Street. Her car was clearly marked as Press, with "PRESS" written in bold across the length of the back windshield. The Officer Defendants approached her car. Though she was compliant, nonviolent, and posed no threat, they slashed her tires and bashed in her windshield while she remained inside, trapped and terrified.

By reason of Defendants' actions, Plaintiff was deprived of her constitutional rights. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This case is brought pursuant to 42 U.S.C. § 1983 and § 1988 for violations of the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of facts. Plaintiff's state law claims are related to her federal law claims such that those claims form part of the same case or controversy under Article

III of the United States Constitution. Jurisdiction is also conferred under 28 U.S.C. § 1343.

3. Plaintiff submitted a Notice of Claim pursuant to ORS 30.275 *et seq* ("OTCA") on September 3, 2020 and within 180 days of the incident. Plaintiff has complied with all necessary obligations under the OTCA.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

## II. PARTIES

5. Plaintiff Zipporah Lomax is a resident of the State of Oregon and Multnomah County.

6. Defendant City of Portland ("City") is a municipal entity created and authorized under the laws of the State of Oregon. The City is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. As a local governmental entity, the City is a suable person under 42 U.S.C. § 1983. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attached to the public consumers of the services provided by the Portland Police Bureau. Per 0RS 30.285(1), the City must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action.

7. Defendants JOHN DOEs 1 through 5 ("Individual Defendants") are and were, at all times relevant herein, officers, employees and agents of the City's Portland Police Bureau ("PPB").

8. The Individual Defendants are being sued in their individual capacities.

9. At all times relevant herein, the Individual Defendants were acting under color of

state law in the course and scope of their duties and functions as agents, servants, employees, and officers of PPB and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the PPB at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the PPB and incidental to the lawful pursuit of their duties as officers, employees and agents of the PPB.

### III. FACTUAL ALLEGATIONS

10. Plaintiff Zipporah "Zippy" Lomax has lived in the Portland area since relocating from the Bay area in 2012, when she was working as a photographer and videographer at a festival and fell in love with the Pacific Northwest. After years of schooling in the arts and graduating from an intensive photography course in Vancouver B.C. in 2007, she has followed her path as an artist and created a niche practice of isolating important moments within large gatherings, often music festivals, to tell the story of the experience of being there.

11. Ms. Lomax shifted her focus during the George Floyd protests. Beginning on May 29, 2020, and every night for several months following, Portlanders demonstrated in Black Lives Matter protests following the murder of George Floyd by Officer Dereck Chauvin of the Minneapolis Police Department, demanding justice for George Floyd and an end to police violence.

12. Ms. Lomax supported this movement by offering what she felt she had to contribute, which was photography. Because Ms. Lomax experiences mobility limitations and is unable to stand or walk for extended periods of time, she relied on her vehicle as a means of mobility while covering protests. She livestreamed from the camera attached to her vehicle's dashboard.

13. Ms. Lomax felt it was valuable to share continuous livestream so that her thousands of social media followers could see all sides of the gatherings and better understand the experience of being there. In this, she expressed her First Amendment rights. She covered the protests by livestream nearly every night from May 30, 2020 up until the violence used against her by the Portland Police terrified her and forced her to stop.

14. This came to pass on August 1, 2020 at or around 10:00 p.m. and near NE 44th Avenue and East Burnside Street. Ms. Lomax was livestreaming from within her Prius and was clearly identifiable as a member of the news media as well as a supporter of the protests.

15. When Defendants John Does 1-5 approached Ms. Lomax's vehicle from behind, the word "PRESS" was plainly visible printed in white across the length of her rear window, on the driver-side window, the rear passenger window, the driver-side corner of front windshield and across her chest on the vest she that she wore. Also visible was "BLM" printed across her rear window.

16. As Defendants John Does 1-5 approached Ms. Lomax's car, they were aware she had identified herself as a member of the press and as a supporter of the Black Lives Matter movement. They approached shining flashlights in Ms. Lomax's eyes and screaming at her to stop, though it was clear that she posed no physical threat to any person or to property.

17. As Ms. Lomax reduced her speed from approximately three (3) miles an hour to a stop and stated she had stopped while putting her hands in the air, nothing about her conduct at that time or previously suggested any intention to commit a crime, or to cause property damage or physical harm.

18. While hollering at and terrifying Ms. Lomax, the Individual Defendants slashed her two left tires and, upon information and belief, banged their batons threateningly against the sides of her car.

19. Defendant John Doe 1 raised his hand towards Ms. Lomax's face in a threat to pepper spray her, from a distance of approximately two (2) feet away.

20. As Ms. Lomax sat with her hands raised, the Individual Defendants continued yelling at her they smashed in her rear windshield with so much force that it caused her whiplash, and caused shattered glass to land in her lap and on her front dashboard.

21. Upon information and belief, the Individual Defendants' belief that Ms. Lomax was a supporter of the Black Lives Matter protests and a member of the press was a factor in or was the reason for their decision to violate her rights.

22. After attacking Ms. Lomax, the Individual Defendants walked on. They did not charge Ms. Lomax with any crimes or issue any citations. The PPB officers parked immediately behind her also made no effort to charge her with any crimes. For all relevant times, Ms. Lomax conducted herself peacefully, was nonresisting, complied with police orders, and posed no threat.

23. In addition to causing property damage and physical injury, the conduct of the Individual Defendants caused Ms. Lomax extreme mental and emotional distress, including fearing for her life and to suffer an immediate panic attack, to lose sleep and to be unable to stop from crying or go about her daily life activities for days.

24. Following this incident, Ms. Lomax attempted a few times to again cover the protests. Doing so triggered such fear for her physical safety and caused such mental distress as to force her to stop covering the protests altogether.

IV.

**FIRST CLAIM**
**Unlawful Detention in Violation of the Fourth Amendment**
*Pursuant to 42 U.S.C. § 1983*

25. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

26. Plaintiff has the right under the Fourth Amendment of the United States Constitution to be free from detention not based on a probable cause belief that she has committed, is committing, or is about to commit a crime.

27. Defendants involved in the detention of Plaintiff as described above violated her rights when they seized and detained her lacking probable cause to believe she had committed a crime or posed an immediate threat to others.

28. At all times material, the law was clearly established that Defendants' seizure and detention of Plaintiff in the manner and under the circumstances was effected without probable cause, and any objectively reasonable law enforcement officer would have known that the seizure of Plaintiff violated her clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

29. Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

30. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and non-economic damages, including interference with their Constitutional rights, a greater distrust of law enforcement, mental and emotional distress, outrage, betrayal, offense, indignity and insult.

31. Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1998. Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

## SECOND CLAIM
### Excessive Force in Violation of the Fourth Amendment
*Pursuant to 42 U.S.C. § 1983*

32. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

33. Plaintiff is entitled to be free from unlawful seizure of their person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Defendants violated Plaintiff's rights to be free from undue and unreasonable force when they detained her as described above without probable cause; and used unreasonable force and the threat of force to cause fear and terror, used unreasonable force against her car and person, threatened her with the use of pepper spray, and terminated Plaintiff's freedom of movement. Defendants committed these acts without forewarning or a proportional threat, and as a result, Defendants' conduct was objectively unreasonable and constituted unlawful seizure and excessive force.

34. At all times material, the law was clearly established that Defendants' use of force, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated her clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

35. Defendants' conduct was malicious, oppressive, and/or in reckless disregard of

Plaintiff's Fourth Amendment rights.

36. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and non-economic damages, including interference with her Constitutional rights, a greater distrust of law enforcement, emotional distress, outrage, betrayal, offense, indignity and insult.

37. Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1998. Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

## THIRD CLAIM
### Procedural Due Process Claim in Violation of the Fourteenth Amendment
### Pursuant to 42 U.S.C. § 1983

38. Plaintiff incorporates by reference the allegations set forth supra as if set forth fully herein and further alleges:

39. Plaintiff was engaged in constitutionally protected conduct including filming police conduct during protests of local, national and international importance. As alleged *supra*, excessive and nonprivileged use of force was taken with the intent to cause fear and terror, to seize and detain Plaintiff, and to damage Plaintiff's property without lawful justification, and with knowledge of the risk that the conduct would result in the same. The Officer Defendants persisted in the above-described conduct with deliberate indifference to these known harms and risks of harms.

40. Defendants, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of her rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, including, without limitation,

deprivation of liberty and property without due process of law.

41.     Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth herein.

42.     At all times material, the law was clearly established that Defendants' conduct, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the conduct was unreasonable and violated her clearly established First Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal per se.

43.     Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourteenth Amendment rights.

44.     As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and non-economic damages, including interference with their Constitutional rights, a greater distrust of law enforcement, emotional distress, outrage, betrayal, offense, indignity and insult.

45.     Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1998. Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

## FOURTH CLAIM
### Violation of the First Amendment
*Pursuant to 42 U.S.C. § 1983*

46.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

47. Plaintiff was engaged in constitutionally protected conduct as a member of the independent media, including filming police conduct during protests of local, national and international importance. Officer Defendants used force against Plaintiff in retaliation for Plaintiff having exercised her free speech rights. Additionally, the use of force against Plaintiff and her person was for the purpose and with the effect of chilling her subsequent exercise of speech.

48. Defendants, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of her rights, privileges and immunities secured by the First Amendment to the United States Constitution, including, without limitation, deprivation of the freedom from retaliation as a member of the media, and for the exercise free speech and the right to assemble.

49. Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

50. At all times material, the law was clearly established that Defendants' conduct, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the conduct was unreasonable and violated her clearly established First Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

51. Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's First Amendment rights.

52. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and non-economic damages, including interference with her Constitutional

rights, a greater distrust of law enforcement, mental and emotional distress, outrage, betrayal, offense, indignity and insult.

53.     Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1998. Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

## FIFTH CLAIM
### Assault, a Claim Arising Under ORS 30.265

54.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

55.     In taking the actions described above, including but not limited to the use and threatened use of chemical or pepper spray and baton strikes against Plaintiff and her property, Defendant City's law-enforcement employees intentionally attempted to and did engage in harmful or offensive contact with Plaintiff while having the present ability and opportunity to actually engage in the intended harmful or coercive contact.

56.     Defendant City's law-enforcement employees took such actions involving the use of force against Plaintiff for purposes other than arrest, *i.e.*, placing Plaintiff under actual or constructive restraint or to take Plaintiff into custody for the purpose of charging that person with an offense.

57.     Such actions of Defendant City's law-enforcement employees were unreasonable and excessive under the circumstances and were not otherwise privileged or justified under ORS 161.205 *et seq*.

58.     Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

59.     Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Individual Defendants and law enforcement agents, which took place within the time and place of the Officer Defendants' employment and were in part motivated by the Individual Defendants' intent to serve Defendant City and in furtherance of law enforcement purposes the Individual Defendants were hired to perform.

60.     In performing the above-described acts, the Individual Defendants directly and proximately caused Plaintiff to suffer economic and non-economic damages. Plaintiff is entitled to compensatory and punitive damages.

## SIXTH CLAIM
### Battery, a Claim Arising Under ORS 30.265

61.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

62.     As described *supra*, the Officer Defendants acted with the intent to cause harmful or offensive contact with Plaintiff. The Officer Defendants actions directly or indirectly caused harmful or offensive contact with Plaintiff. As such, the City is liable for battery. Because the use of force was excessive, the actions were not privileged.

63.     Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

64.     Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Individual Defendants and law enforcement agents, which took place within the time and place of the Officer Defendants' employment and were in part motivated by the Individual Defendants' intent to serve Defendant City and in furtherance of law enforcement purposes the Individual Defendants were hired to perform.

65.     As a direct result of the Individual Defendants' use of excessive force, Plaintiff

suffered economic and non-economic damages and is entitled to compensatory and punitive damages.

## SEVENTH CLAIM
### Negligence, a Claim Arising Under ORS 30.265

66. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

67. The above-described actions of the Individual Defendants created a duty of care to Plaintiff. The above-described actions of the Individual Defendants breached that duty of care.

68. Defendants' above-described individual or cumulative acts were unreasonable and excessively dangerous in light of the risk to Plaintiff and in light of the purported purposes of the acts.

69. In performing the above-described individual and cumulative acts, Defendant City's law-enforcement employees directly and proximately caused Plaintiff mental and emotional harms while infringing on Plaintiff's rights to be free from unlawful violence and to engage in constitutionally-protected free-speech activity without threat of chill or retaliation.

70. Plaintiff's mental and emotional harms and injuries were within the general type of potential incidents and injuries that made defendant's conduct negligent. That is, the acts of Defendant City's law enforcement employees in using excessive force and threats of force against Plaintiff created a foreseeable and unreasonable risk of mental and emotional harms and in infringements upon Plaintiff's right to be free from unlawful violence and engage in constitutionally-protected free-speech activity without threat of chill or retaliation.

71. The conduct of the Individual Defendants was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

72. Defendant City is vicariously and directly liable to Plaintiff for the conduct of the

Individual Defendants and law enforcement agents, which took place within the time and place of the Officer Defendants' employment and were in part motivated by the Individual Defendants' intent to serve Defendant City and in furtherance of law enforcement purposes the Individual Defendants were hired to perform.

73. In performing the above-described acts, Defendants directly and proximately caused Plaintiff to suffer economic and non-economic damages. Plaintiff is entitled to compensatory and punitive damages.

## EIGHTH CLAIM
## Conversion

74. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein and further alleges:

75. Plaintiff owned and had possessory rights of the car she was using, at all relevant times. The Individual Defendants intentionally interfered with Plaintiff's property without her consent when they seized and destroyed the windows and tires of Plaintiff's car. The conduct of the Individual Defendants deprived Plaintiff of her possession and use of the car.

76. The conduct of the Individual Defendants was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

77. Defendant City is vicariously liable to Plaintiff for the above-described conduct, which took place within the time and place of the Officer Defendant's employment and were in part motivated by the Individual Defendants' intent to serve Defendant City and in furtherance of law enforcement purposes the Individual Defendants were hired to perform.

78. In performing the above-described acts, the Individual Defendants directly and proximately caused Plaintiff to suffer economic and non-economic damages. Plaintiff is entitled to compensatory and punitive damages.

## NINTH CLAIM
## Trespass to Chattels

79. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein and further alleges:

80. Plaintiff owned and had possessory rights of the car she was using, at all relevant times. The Individual Defendants intentionally interfered with Plaintiff's property without her consent when they seized and destroyed the windows and tires of Plaintiff's car. The conduct of the Individual Defendants deprived Plaintiff of her possession and use of the car.

81. The conduct of the Individual Defendants was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

82. Defendant City is vicariously liable to Plaintiff for the above-described conduct, which took place within the time and place of the Officer Defendant's employment and were in part motivated by the Individual Defendants' motivation to serve Defendant City and in furtherance of law enforcement purposes the Individual Defendants were hired to perform.

83. In performing the above-described acts, the Individual Defendants directly and proximately caused Plaintiff to suffer economic and non-economic damages. Plaintiff is entitled to compensatory and punitive damages.

## REASONABLE ATTORNEY'S FEES AND COSTS

84. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

85. Plaintiff requests that the Court grant reasonable attorney fees and costs in this action.

## JURY DEMAND

86. Plaintiff requests a trial by jury in this action on each and every one of her damages claims.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants jointly and severally and prays for relief as follows:

a. An award for compensatory damages; and

b. An award of punitive damages against the Officer Defendants; and

c. An award of attorneys' fees, costs, and disbursements, as pleaded above; and

d. For such other relief as the Court may deem just and proper.

Dated: July 24, 2022.

Respectfully submitted,

By: /s/ Jane L. Moisan
Jane L. Moisan, OSB No. 181864
PEOPLE'S LAW PROJECT

*Attorneys for Plaintiff*